**Christy v. Wordsworth-At-Shawnee**

C.P. of Monroe County, no. 7070 Civil 1998.

*Brett J. Riegel,* for plaintiff.
*Frank Baker III,* for defendant.

CHESLOCK, *J.,* June 25, 1999—Plaintiffs commenced this action by filing a praecipe for writ of summons on October 28, 1998. On March 26, 1999, plaintiffs filed a motion to compel answers to pre-complaint discovery. On March 29, 1999, this court filed a rule to show cause why plaintiffs' motion should not be granted. On April 15, 1999, defendants filed an answer to plaintiffs' motion to compel answers to pre-complaint discovery and praeciped the case for argument. Thereafter, defendants filed a brief in opposition to the motion to compel pre-complaint discovery. On May 24, 1999, plaintiffs filed a brief in support of the motion. Arguments were heard on June 7, 1999. We are now ready to dispose of this matter.

Plaintiffs seek answers to interrogatories and documents relating to the minor plaintiff and minor defendant. Defendants argue that the information sought by plaintiffs is protected by the Mental Health Procedures Act, the Mental Health/Mental Retardation Act of 1966 and the psychologist/patient privilege. Defendants contend that plaintiffs are not entitled to the information

sought. Plaintiffs contend that the argument set forth by defendants is inapplicable to the case sub judice and the information should be released. We agree with defendants that the mental health records are confidential and should not be released to plaintiffs.

In support of this conclusion, we rely on the holding in *Hahnemann University Hospital v. Edgar,* 74 F.3d 456 (3d Cir. 1996). In *Hahnemann,* the court had to determine whether disclosure by petitioner of the mental health records of two male patients who allegedly raped respondents' daughter would violate the Pennsylvania Mental Health Procedures Act. Respondents filed a negligence action against petitioners for misconduct in failing to protect their daughter from the two perpetrators. Respondents requested the mental health records of the two alleged perpetrators in support of the case against petitioner. Petitioner objected on the basis that such disclosure would violate the MHPA. Petitioner filed a writ of mandamus with the court in order to resolve the issue.

Section 7111 of the MHPA provides the following:

"All documents concerning persons in treatment shall be kept confidential and, without the person's written consent, may not be released or their contents disclosed to anyone except:

"(1) those engaged in providing treatment for the person;

"(2) the county administrator, pursuant to section 110;

"(3) a court in the course of legal proceedings authorized by this Act; and

"(4) pursuant to federal rules, statutes and regulations governing disclosure of patient information where treatment is undertaken in a federal agency." 50 P.S. §7111(a).

"The purpose of the MHPA is to further the policy of the Commonwealth of Pennsylvania 'to seek to assure

the availability of adequate treatment to persons who are mentally ill.' " *Hahnemann University Hospital,* 74 F.3d at 463, quoting 50 P.S. §7102. The language contained in section 7111 of the MHPA "indicates that disclosure of treatment records is forbidden unless one of the statutory exceptions applies." *Id.* "When none of the four exceptions to section 7111 of the MHPA applies, the Pennsylvania state courts consistently have denied requests for production of documents that the statutory privilege [of section 7111] covers." *Id.* "[T]he MHPA creates a much broader protection, forbidding the disclosure of any document 'concerning persons in treatment' regardless of the contents of that document." *Id.* at 465.

This court is constrained to follow the holding in *Hahnemann University Hospital.* In the instant case, plaintiffs seek redress for a sexual assault allegedly perpetrated by defendant Matthew Mutchler, misidentified as defendant Matthew Muth, upon their son while they were in a mental health treatment center. If the *Hahnemann University Hospital* court could not force disclosure by petitioners, then we cannot force defendant Wordsworth-At-Shawnee to disclose the mental health records in their possession.

Although we will not permit disclosure of the mental health records in possession of defendant Wordsworth-At-Shawnee, we shall permit plaintiffs to inspect the juvenile record of the alleged perpetrator, defendant Matthew Mutchler. This court finds that preventing plaintiffs from obtaining certain information concerning the attack is inherently unfair. Plaintiffs should not be prevented from the court files because defendant Matthew Mutchler was fortunate to be a juvenile at the time of the offense. There-

fore, plaintiffs should be permitted to examine all portions of the juvenile file of defendant Matthew Mutchler, with the exception of paragraph 8 of the juvenile petition, as part of the pre-complaint discovery.

Accordingly, we enter the following order:

## ORDER

And now, June 25, 1999, plaintiffs' motion to compel discovery is granted in part and dismissed in part. The mental health records are protected from disclosure and not subject to discovery by plaintiffs. Plaintiffs shall be permitted to examine the juvenile file of Matthew E. Mutchler, with the exception of paragraph 8 of the juvenile petition which shall be redacted.